■ KATHERINE L. RITENOUR, Appellant, v TOWN OF CHEEK-TOWAGA, Respondent. [596 NYS2d 236] —Order unanimously affirmed without costs. Memorandum: Plaintiff failed to raise a triable issue of fact to support her contention that her injuries resulted from her justifiable reliance upon a greater level of police protection than defendant's police force provided.

The essential facts are not in dispute. While her husband was away on a hunting trip, plaintiff reported to police that he had been physically abusive to her and her children. She and the children vacated their residence and went to live with a neighbor. After the husband returned, the police frequently

patrolled the marital residence and the neighbor's home, as promised. Plaintiff then informed the police that she wanted to meet with her husband. The husband agreed to meet with plaintiff in the parking lot of the convenience store where plaintiff worked. Plaintiff told the police officers that they could not stand near her because, if her husband saw them, she and the officers could be hurt or killed. It was agreed that two police officers would observe the meeting from an unmarked car parked across the street. One of the officers instructed plaintiff not to get into the vehicle with her husband or to go anywhere with him. After the husband arrived, plaintiff got into his vehicle. They conversed for some 45 minutes. During that conversation, plaintiff left the car once or twice and went into the store to get coffee. She did not request further police assistance on either occasion. When plaintiff again left the car for coffee, her husband followed her into the store. When they returned to the car, her husband suddenly reached for a hunting knife and stabbed plaintiff several times. The police came to plaintiff's assistance in a matter of seconds.

Defendant Town concedes that its police officers assured plaintiff of some measure of police protection, but contends that the police provided the promised level of protection and that plaintiff did not justifiably rely upon greater protection. We agree. Plaintiff candidly stated at a pre-trial deposition that she did not expect the police to stand next to her, that she understood that the police would watch from a distance, that she was aware of the risk involved in meeting with her husband and that she nevertheless decided to meet with him and to enter his parked vehicle. The conduct of defendant's police officers did not lull plaintiff into a false sense of security, and the limited assurance of police protection did not increase the risk of harm (see, Kircher v City of Jamestown, 74 NY2d 251, 256; Cuffy v City of New York, 69 NY2d 255, 261). (Appeal from Order of Supreme Court, Erie County, Mintz, J. —Summary Judgment.) Present—Callahan, J. P., Pine, Balio, Lawton and Doerr, JJ.